# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-1003** (Harrison County 14-F-5-2)

**Adam Derek Bowers,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Adam Derek Bowers, by counsel David Mirhoseini, appeals the November 19, 2020, order of the Circuit Court of Harrison County resentencing petitioner for multiple felony convictions. Petitioner challenges the portion of the order that requires him to pay the State $3,595.68 for the costs of his criminal case payable in twenty-four monthly installments of $149 beginning at either the discharge of his sentence or his release upon parole. Respondent State of West Virginia, by counsel Patrick Morrisey and Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a 2015 trial in the Circuit Court of Harrison County, a jury found petitioner guilty of two counts of first-degree sexual assault, one count of burglary, and one count of first-degree robbery.[1] By order entered on September 22, 2015, the circuit court sentenced petitioner to fifteen to thirty-five years of incarceration for each of the first-degree sexual assault convictions,

---

[1]The offenses occurred in 2001 when petitioner was sixteen years old. Petitioner was indicted for the offenses in 2014 based upon DNA evidence. *See State v. Bowers*, No. 15-1017, 2017 WL 823990, at *3 (W. Va. Mar. 2, 2017) (memorandum decision).

1

with those sentences to be served consecutively; to one to fifteen years of incarceration for the burglary conviction, with that sentence to run concurrently to the sentences for the sexual assault convictions; and to forty years for the first-degree robbery conviction, with that sentence to be served consecutively to the other sentences. In addition, the circuit court ordered petitioner pay any costs assessed in his criminal case within one year of either the discharge of his sentence or his release upon parole. Thereafter, this Court upheld petitioner's convictions in *State v. Bowers*, No. 15-1017, 2017 WL 823990 (W. Va. Mar. 2, 2017) (memorandum decision).

In a subsequent habeas corpus proceeding, the circuit court, by order entered on August 5, 2020, found that, because petitioner was sixteen years old when he committed the offenses,[2] he was entitled to partial relief in the form of a resentencing pursuant to West Virginia Code § 61-11-23(b).[3] Accordingly, the circuit court appointed counsel for "[petitioner's] resentencing and any other related matters in Felony Case No. 14-F-5-2" and ordered petitioner and the State to submit resentencing memoranda in petitioner's criminal case.[4]

With petitioner's resentencing memorandum, he filed a motion asking the circuit court not to impose the costs of his criminal case as a part of his resentencing. At the September 23, 2020, resentencing hearing, the circuit court imposed the same sentences it had in its September 22, 2015, sentencing order, but specifically found that, because petitioner was under the age of eighteen when he committed the offenses, he would be eligible for parole after serving fifteen years of his aggregate sentence pursuant to West Virginia Code § 61-11-23(b).

With regard to the imposition of the costs, the circuit court ruled as follows:

> . . . [L]*et me have the record reflect that I've conferred with the* [c]*lerk of the* [c]*ourt* and it was new information to me, it may not be to counsel or

---

[2]*See* footnote one, *supra.*

[3]West Virginia Code § 61-11-23(b) provides:

Unless otherwise provided by this code, the provisions of [West Virginia] §[§] 62-12-1 [to 62-12-29] govern[ ] the eligibility for parole of a person who is convicted of an offense and sentenced to confinement if he or she was less than 18 years of age at the time the offense was committed, except that a person who is convicted of one or more offenses for which the sentence or any combination of sentences imposed is for a period that renders the person ineligible for parole until he or she has served more than 15 years shall be eligible for parole after he or she has served 15 years if the person was less than 18 years of age at the time each offense was committed.

[4]In the August 5, 2020, order in petitioner's habeas proceeding, the circuit court denied all other relief. This Court affirmed the circuit court's August 5, 2020, order in *Bowers v. Ames*, No. 20-0625, 2022 WL 123507 (W. Va. Jan. 12, 2022) (memorandum decision).

2

[petitioner], that the cost[s] of these proceedings [are] $3,595.68. Let me require—continue to require that [petitioner] pay that amount as cost[s] of these proceedings. Let me indicate that [petitioner], as I've indicated, has a GED certificate, that he has some work history when he was not in custody. The [c]ourt believes he has no physical or mental disabilities. That would allow him to at least be capable of work at a minimum wage level. Let me indicate that [petitioner]—that 40 hours times $8.75 is $350.00 a week, multiplied by 4.3 is $1,505.00 gross. Let me indicate that a payment of $149.00 per month would be the amortization of those costs over a period of 24 months. So, the [c]ourt believes that [petitioner] is, in fact, capable of paying that amount over that two-year period and the [c]ourt will grant judgement against [petitioner] in favor of the State of West Virginia for the court costs in these matters and require that he pay those amounts over two years from his ultimate release from incarceration.

(Emphasis added.).

Following the circuit court's ruling regarding costs, the court asked petitioner if there was "anything further that we need to address today[.]" Petitioner responded by requesting that the circuit court include in its resentencing order specific language that petitioner will be eligible for parole after serving fifteen years of incarceration pursuant to West Virginia Code § 61-11-23(b) because he was under the age of eighteen when he committed his offenses. The circuit court agreed to petitioner's request. The circuit court then asked petitioner a second time if there was "anything further from your perspective[.]" Petitioner answered in the negative.

The circuit court entered its resentencing order on November 19, 2020. Petitioner now appeals the resentencing order, challenging the circuit court's judgment in the State's favor in the amount of $3,595.68 for the costs of his criminal case payable in twenty-four monthly installments of $149 beginning at either the discharge of his sentence or his release upon parole.

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 2, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010) (quoting Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)). In Syllabus Point 2 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), we held that, "[o]n an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court."

On appeal, the parties dispute whether petitioner preserved the issue of costs for appellate review at the resentencing hearing. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides:

*Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The

argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Assuming, arguendo, that petitioner preserved his single assignment of error—that the circuit court erred in ordering petitioner to pay the costs of his criminal case in the amount of $3,595.68—we decline to address it pursuant to Rule 10(c)(7) because it is inadequately supported by argument.

Petitioner argues that the circuit court denied him due process of law by usurping the circuit clerk's "statutory duties to determine the amount of each allowable cost and to give notice thereof to [petitioner] by the clerk's formal taxation of costs." The only legal authority petitioner provides is a list of statutes that includes West Virginia Code § 59-1-11, West Virginia Code § 59-1-11a, and West Virginia Code §§ 59-2-13 to 59-2-18. While we agree with petitioner that these statutes address the clerk's duties in the taxation of costs, we have repeatedly noted that "[j]udges are not like pigs, hunting for truffles buried in briefs." *State, Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Here, petitioner never develops any argument based upon the statutes he cites. With regard to the due process issue, petitioner fails to provide any legal authority. Accordingly, we decline to address these inadequately briefed issues. *State v. Grimes*, 226 W. Va. 411, 422 n.5, 701 S.E.2d 449, 460 n.5 (2009) ("Inasmuch as those matters were set forth in the appellant's brief in a cursory or tangential manner, they are not cognizable in this appeal."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Therefore, pursuant to Syllabus Point 2 of *Perdue*, we find that petitioner cannot show error in the circuit court's judgment in the State's favor in the amount of $3,595.68 for the costs of petitioner's criminal case payable in twenty-four monthly installments of $149 beginning at either the discharge of his sentence or his release upon parole.

For the foregoing reasons, we affirm the circuit court's November 19, 2020, resentencing order.

Affirmed.

**ISSUED:** February 1, 2022

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton